AMY L. SCHULTZ, f.k.a. AMY L. McGREW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schultz v. Commissioner
Docket No. 44081-86.
United States Tax Court
T.C. Memo 1987-459; 1987 Tax Ct. Memo LEXIS 556; 54 T.C.M. (CCH) 491; T.C.M. (RIA) 87459; September 14, 1987. James A. Moreland, for the petitioner. Charlotte D. Sennot, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion for judgment on the pleadings filed August 19, 1987, pursuant to Rule 120. [1] The issues for decision are the correctness of the adjustments set forth in the notice of deficiency and the additions to tax set forth therein, and whether petition has established that she qualifies as an innocent spouse under section 6013(e). In a timely statutory notice of deficiency dated August 14, 1986, respondent determined a deficiency in the 1982 Federal income tax liability of petitioner and her former husband, Eric W. McGrew, in the amount of $ 33,988. Respondent also determined additions to tax for fraud under section 6653(b)(1) in the amount of $ 16,994 and under section 6653(b)(2) in an amount equal to 50 percent of the interest due *558 on the $ 33,988 underpayment, and an addition to tax under section 6661 in the amount of $ 7,394 for a substantial understatement of income tax. [2]
*559 Petitioner resided in Longwood, Florida, at the time she filed her petition. Petitioner and her former husband untimely filed their 1982 joint Federal income tax return. Petitioner time filed her petition on November 17, 1986. On January 20, 1987, respondent timely filed his answer and included therein specific factual allegations in support of the deficiency in and additions to tax set forth above. Of particular significance herein are the following factual allegations that were included in respondent's answer: 11. FURTHER ANSWERING the petition and in support of the determination that a part of the underpayment of tax required to be shown on petitioner's income tax return for the taxable year 1982 is due to fraud, the respondent alleges: (a) Petitioner and her husband failed to report substantial amounts of income received by them during 1982. (1) Kent Management and Jovan Company paid petitioner's rent and rental deposit in 1982, in the total amount of $ 41,400.00. (2) This rent and rental deposit constituted constructive dividends to petitioner and her husband, which were not reported on petitioner's 1982 income tax return. * * * (5) Petitioner and her husband *560 received $ 13,413.25 from Pratt Insurance, Inc. in 1982, which they failed to report on their 1982 income tax return. (6) A Form 1099 reflecting the $ 13,413.25 was timely furnished to petitioner and her husband by Pratt Insurance, Inc. * * * (b) Petitioner and her husband claimed false and fraudulent deductions on their 1982 income tax return. * * * (e) Petitioner and her husband failed to maintain complete and accurate records of their income producing activities and failed to produce complete and accurate records to respondent in connection with the examination of petitioner's income tax return for 1982. (f) The failure to maintain and produce books and records was fraudulent and with the intent to evade tax. (g) Petitioner and her husband used nominees and aliases to conceal income and to evade tax. (h) Petitioner and her husband understated their their taxable income on their income tax return for the year 1982 in the amount of $ 75,386.00. (i) Petitioner and her husband understated their income tax liability on their income tax return for 1982 in the amount of $ 33,988.00. (j) A part of the deficiency in 1982 is due to fraud with the intent to evade tax. *561 On March 19, 1987, respondent filed a motion for entry of an order that the undenied allegations in his answer be deemed admitted. Although petitioner was served with notice of respondent's motion on March 27, 1987, petitioner has failed to respond to that motion. Accordingly, respondent's motion was granted on May 6, 1987, and the factual allegations contained in respondent's answer are deemed admitted under Rule 37(c). [3]
The facts that are deemed admitted establish that petitioner and her former husband understated their 1982 joint Federal income tax liability *562 in the amount of $ 33,988. Concerning the additions to tax for fraud under sections 6653(b)(1) and 6653(b)(2), respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); ; . Respondent may satisfy his burden of proving fraud through undenied facts deemed admitted under Rule 37(c). (Court reviewed); . See also . Respondent clearly has satisfied his burden of proving fraud. The substantial understatement of income, the failure to maintain complete and accurate books and records of their income-producing activities, the claiming of false and fraudulent deductions on their 1982 joint Federal income tax return, and the use of nominees and aliases to conceal income establish that petitioner and her former husband intended to evade payment of their correct Federal income tax liability for 1982. We therefore conclude that *563 petitioner is liable for the additions to tax under sections 6653(b)(1) and 6653(b)(2) as determined in respondent's notice of deficiency. We also sustain respondent's determination of the addition to tax under section 6661 in the amount of $ 7,394. Petitioner alleges in her petition that she is an innocent spouse under section 6013(e) [4] and, therefore, is not liable for the deficiency and additions to tax at issue herein. To qualify as an innocent spouse under section 6013(e), among other requirements, petitioner must establish that there was a substantial understatement of tax attributable to grossly erroneous items of her ex-husband, sec. 6013(e)(1)(B), and that she did not know (and had no reason to know) that there was a substantial understatement on their return, sec. 6013(e)(1)(C). "Substantial understatement" means any understatement of tax which exceeds $ 500. Sec. 6013(e)(3). "Grossly erroneous items" is defined, in relevant part, as "any item of gross income attributable to [the other] spouse which is omitted from gross income." Sec. 6013(e)(2)(A). *564 The facts deemed admitted herein establish that both petitioner and her former husband received income in 1982 that was not reported on their tax return. Of the $ 75,386 understatement of taxable income herein, $ 41,400 is attributable to rent that was paid by third parties with respect to the residence of petitioner and her former husband, and $ 13,413 is attributable to a payment made to petitioner and her former husband. Upon these facts petitioner does not qualify for relief as an innocent spouse under section 6013(e), and she is liable for the deficiency in and additions to tax determined by respondent in this case. For the foregoing reasons, An appropriate order will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩
2. In the notice of deficiency, respondent determined that the sec. 6661 addition to tax was $ 2,958. In his answer, respondent increased the addition to tax to $ 7,394. The notice of deficiency in which respondent determined the section 6661(a) addition to tax against petitioner was issued on August 14, 1986. As of that date, the section 6661(a) addition to tax was equal to 10 percent of the underpayment attributable to a substantial understatement. Section 6661(a) has been amended twice since then. The Tax Reform Act of 1986, Pub. L. 99-514, section 1504(a), 100 Stat. 2085, 2743, increased the section 6661(a) addition to tax to 20 percent of the underpayment that is attributable to a substantial understatement for returns the due date of which, determined without regard to extensions, is after December 31, 1986. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, section 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment that is attributable to a substantial understatement for additions to tax assessed after October 21, 1986. No issue has been raised in this proceeding as to the two amendments discussed above, and, accordingly, we express no opinion as this time as to the effect of either of the above-referenced Acts on section 6661(a). ↩
3. Rule 37(c) Provides: (c) Effect of Reply or Failure Thereof: Where a reply is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply, shall be deemed to be admitted. Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion that specified allegations in the answer be deemed admitted. That motion will be served on the petitioner and may be granted unless the required reply is filed within the time directed by the Court. ↩
4. Sec. 6013(e) sets forth the following requirements to qualify as an innocent spouse. (e) Spouse Relieved of Liability in Certain Cases. -- (1) In general. Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all of the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. ↩